UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22070-CIV-KING

MANUEL E. RIVAS,

    Plaintiff,

v.

DENOVUS CORPORATION,
Ltd.,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Defendant Denovus Corporation, LTD's Motion to Vacate Default Judgment (DE #10), filed on September 15, 2010.[1]

Plaintiff Rivas filed the Complaint on June 23, 2010, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1629 *et seq*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. (DE #1). Defendant's response was due on July 19, 2010, but Defendant failed to file any response and the Court entered Default Judgment on August 23, 2010. (DE #8). Counsel for Defendant appeared nearly a month later, on September 14, 2010, and filed the Motion to Vacate that is now before the Court. (DE #9, 10).

---

[1] Plaintiff responded on October 5, 2010. (DE #14). Defendant did not file a reply, and the time to do so has expired.

Defendant argues that default judgment should be set aside on the basis of excusable neglect under Fed. R. Civ. P. 60(b) (providing that a Court may relieve a party of a final judgment for "mistake, inadvertence, surprise, or excusable neglect"). (DE #10 at 3). To set aside a default judgment for excusable neglect, the defaulting party must show: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not prejudice the opposing party; and (3) good reason existed for failure to respond to the complaint. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Here, Defendant argues that counsel for both parties conferred on July 8, 2010, and that Plaintiff's counsel made a demand for settlement. (DE #10 at 1). Plaintiff's counsel then told Defense counsel that Plaintiff would not file the return of service with the Court while settlement was being discussed, "so as not to start the clock on the need to file an answer." *Id.* at 1–2. The return of service was filed on July 27, 2010. (DE #4). Defense counsel did not discover this until September 14, 2010, when he checked the PACER system for apparently the first time since early July. (DE #10 at 2). Defendant additionally argues that he has a meritorious defense to Plaintiff's claim, and Plaintiff would not suffer prejudice as a result of setting aside the default judgment.

Plaintiff's counsel, on the other hand, claims that although a settlement offer was made on July 8, 2010, Defense counsel did not accept it and there was no offer to permanently extend any deadlines. (DE #14 at 1). Additionally, no settlement

2

negotiations took place between July 8, 2010 and September 14, 2010. *Id.* at 2. Plaintiff's counsel also correctly points out that per the Local Rules of this Court, the Court will not consider any agreement between parties that is not conceded or in writing. S.D. Fla. L.R. 11.1(d)(6).[2] Plaintiff argues that the length of Defendant's delay in checking on the case is unreasonable, and the reason for the delay was within Defendant's control. (DE #14 at 4–5). Plaintiff further argues that no reasonable attorney would wait two months to check on a case "under the assumption that settlement negotiations were afoot when there were absolutely no communications taking place regarding settlement for such an extended period of time." *Id.* at 5.

The Court agrees with Plaintiff. Defendant has not met the standard for excusable neglect because it has not shown that "good reason existed for failure to respond to the complaint." *E.E.O.C. v. Mike Smith Pontiac, GMC Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Reliance on a belief that deadlines were extended based on settlement negotiations, without any written agreement or any actual ongoing negotiations, is not good reason for failure to timely respond. *See id.* at 529 (finding distraction and confusion of upper management due to litigation in different matter did not warrant setting aside default judgment); *Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993)

---

[2]The Local Rule in full provides: "No agreement between parties or their attorneys, the existence of which is not conceded, in relation to the proceedings or evidence in an action, will be considered by the court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted."

(holding that defendant's lack of diligence did not constitute excusable neglect).

Accordingly, after a careful review of the record, and the Court being otherwise fully advised it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant Denovus Corporation, LTD's Motion to Vacate Default Judgment (DE #10) is hereby **DENIED.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 18th day of October, 2010.

                    JAMES LAWRENCE KING
                    U.S. DISTRICT JUDGE
                    SOUTHERN DISTRICT OF FLORIDA

cc: **Clerk of Court**

<u>*Counsel for Plaintiff*</u>
**Donald A. Yarbrough**
2000 E Oakland Park Boulevard
Suite 105 PO Box 11842
Fort Lauderdale, FL 33339
954-537-2000
Fax: 566-2235
Email: donyarbrough@mindspring.com

<u>*Counsel for Defendant*</u>
**Dale Thomas Golden**
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609
813-251-5500
Fax: 251-3675
Email: dale.golden@goldenscaz.com